# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ROYDRICK & TAMETTICA SMITH, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2010 |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY and GREG ALLEN PAUL, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs Roydrick and Tamettica Smith's motion to remand. Dkt. 9. Having considered the motion, response, reply, complaint, and the applicable law, the court is of the opinion that the motion should be GRANTED, and the case should be REMANDED to the 189th Judicial District Court of Harris County, Texas.

### I. BACKGROUND

On or about January 2, 2017, The Smiths' home ("the Property") sustained damage from a hail storm. Dkt 1, Ex. C at ¶ 11. The storm allegedly caused damage to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, HVAC system, shed, and fencing, and it compromised the integrity of the roof. *Id.* at ¶ 13. The Smiths contend that due to the compromised roof, water entered and caused damage to the dining room, game room, and bedroom. *Id.* The Smiths own a homeowner's insurance policy issued by defendant Travelers Home and Marine Insurance Company ("Travelers"). *Id.* at ¶ 9. The Smiths submitted a claim to Travelers, which then assigned defendant Greg Paul to adjust the claim. *Id.* at ¶ 14. Paul adjusted the claim on or around January 16, 2017, and found no damage from a covered peril to the roof of the property. *Id.* at ¶ 18.

Plaintiffs claim that Paul's assessment undervalued the actual damage to the Property, which an independent adjuster hired to inspect the Property valued at $14,434.48. *Id.* at ¶ 21.

On May 30, 2017, the Smiths filed suit against Travelers in state court. Dkt. 9 . They asserted causes of action against both defendants under the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), and they asserted separate claims against Paul for fraud, negligence, and gross negligence. Dkt 1, Ex. C. On June 30, 2017, Travelers removed the case to this court based on diversity jurisdiction. Dkt. 9. For purposes of diversity jurisdiction, the Smiths are citizens of Texas, and Travelers is a Connecticut corporation. Dkt. 1.

It is undisputed that diversity jurisdiction exists between the Smiths and Travelers. However, Paul is a citizen of Texas, like Plaintiffs, thereby destroying complete diversity. Dkt. 1. Travelers argues that Paul is an improperly joined party and that Paul's citizenship thus should be disregarded in determining this court's jurisdiction. Dkt. 1.

The Smiths respond that Paul is properly joined in this case and the motion for remand should be granted. Dkt. 9.

## II. Legal Standard

A defendant may remove an action to federal court in instances where the court would have original jurisdiction over the case. 28 U.S.C. § 1441. Subject matter jurisdiction based on diversity jurisdiction requires that (1) complete diversity exists among the parties, and (2) the amount in controversy exceeds $75,000. *Id.* § 1332. The presence of a non-diverse defendant does not prevent removal of a case if the non-diverse defendant was improperly joined. *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In instances where a non-diverse defendant has been improperly joined, *i.e.*, without a legal basis to do so, a case may be removed despite the presence

of a non-diverse defendant. *Id.* As the removing party, the defendant bears the "heavy burden" of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

There are two ways to establish improper joinder,"(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (quoting *Irby*, 326 F.3d at 646–47) (5th Cir. 2004) (*en banc*). The court may conduct a Rule 12(b)(6)- type analysis to determine whether the complaint states a claim under state law against the in-state defendant or "pierce the pleadings" and conduct a summary judgement inquiry. *Id*. It is left to the court's discretion to decide the procedure necessary in each case, but a summary judgement inquiry is only appropriate to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery. *Id*.

In a Rule 12(b)(6)-type analysis, the court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2013). To avoid dismissal, the plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). A claim is deemed facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action in order to establish entitlement to relief. *Twombly*, 550 U.S. at 555. When a court determines that a nondiverse party has been improperly joined, that party must be dismissed without prejudice. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209.

# III. ANALYSIS

The court must first determine the method to establish improper joinder. Travelers makes no claim that fraud was committed; instead, Travelers argues that the Smiths cannot establish a cause of action against Paul. Dkt. 11. Therefore, the appropriate test to determine if joinder is improper is to establish whether it has been demonstrated "'that there is no possibility of recovery by the plaintiff against an in-state defendant.'" *Robinson v. Allstate Tex. Lloyds*, No. H-16-1569, 2016 WL 3745962, at *2 (S.D. Tex. July 13, 2016) (Atlas, J.) (quoting *Smallwood*, 385 F.3d at 573). Travelers argues that the Smiths' allegations are non-specific, conclusory, and near verbatim quotations of the statutory provision. Dkt. 11. Because Travelers alleges that the Smiths' claims against Paul are insufficient to establish a plausible claim to relief, a Rule 12(b)(6)-type analysis is appropriate.

The Smiths argue that the allegations against Paul are sufficient to survive a Rule 12(b)(6) analysis. Dkt. 9. While the section entitled "Causes of Action Against Defendant Greg Allen Paul" is filled will near verbatim quotations of the various statutory provisions allegedly violated, the section entitled "Facts" alleges specific conduct by Paul that, taken as true, violates the statutory provisions. Specific allegations made by the Smiths include:

> "a. . . . . The disparity in the number of damaged items in [Paul's] report compared to that of Plaintiffs' Third-Party Adjuster is evidence of fraud on the part of Paul. The valuation of damages that were included in Paul's report compared to Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Paul. The total amount of time that Paul and contractors he used for ladder assistance were at the Property to investigate was no more than forty minutes, which also indicated an inadequate claim investigation.
> b. Additionally, Paul arrived at the property prepared to deny the claim, as he had in his possession a set of laminated five by seven cards attached to a ring on which he prepared pictures of almost total destruction property images and used it as a prop to explain why he would be denying Plaintiffs' claim for damages on the basis of Plaintiffs' Property not appearing to be in as bad of shape as the sample images he brought with him to show Plaintiffs.
> c. . . . . Paul had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

While contractors were investigating the roof and before the adjuster inspection had even finished, Paul indicated to Plaintiffs that the claim would be denied. . . .

d. Paul made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property. Paul himself never got on Plaintiffs' roof. . . . Despite shingles from Plaintiffs' roof clearly having been torn off by wind shear and landing in parts of the yard far from the area of the roof they were torn off of, Paul told Plaintiffs that their roof was repairable.

e. Paul made further misrepresentations to Plaintiffs during his inspection. Paul used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. . . . Paul used photograph cards of worse damaged properties to further assist his misrepresentations to Plaintiffs.

f. Paul made misrepresentations as to how Plaintiffs should fix the damages to the Property. Paul suggested the Plaintiffs nail down the numerous loose shingles scattered on their lawn and seal with shingles with sealant themselves.

15. Paul failed to inspect the interior of the Property.

16. To date, Travelers and/or Paul have/ has not provided Plaintiffs with proper documentation describing the scope of loss."

Dkt 1, Ex. C at ¶ 14-16. The Smiths argue that these specific facts are sufficient to support a valid claim against Paul. Dkt. 9 at 4.

This court has addressed similar arguments and facts in several cases. *See, e.g.*, *Robinson*, 2016 WL 3745962; *Jimenez v. Allstate Tex. Lloyd's*, No. H-16-1464, 2016 WL 6831021 (S.D. Tex. Nov. 21, 2016) (Miller, J.). In *Robinson* and *Jimenez*, the plaintiffs' claims that the insurance adjuster findings differed from that of a third-party adjuster were sufficient to satisfy the requirements of Rule 12(b)(6). *Robinson*, 2016 WL 3745962, at *2; *Jimenez*, 2016 WL 6831021, at *2. Furthermore, the *Robinson* plaintiff claimed that the inadequate investigation failed to discover interior damage to the property. *Robinson*, 2016 WL 3745962, at *2. These claims closely track the specificity of the Smiths' claims regarding the disparity between Paul's and a Third-Party Adjuster's findings of damage to the property and the Smiths' allegation that Paul failed to inspect the interior of the property. Furthermore, the *Robinson* court found these allegations detailed

enough to reasonably predict recovery by the plaintiffs based on the Texas Insurance Code Sections 541.060(a) and 542.003. *Robinson*, 2016 WL 3745962, at *2.

Regardless of the validity of the various claims alleged by the Smiths, "the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enter.–Miss., Inc.*, 390 F.3d 400, 412 (5th Cir.2004). The Smiths have alleged several violations of the Texas Insurance Code including sections 541.002(2), 541.060(a), 541.060(a)(2)(A), 541.060(a)(3), 542.003(3), 542.003(4), and 4101.051. Dkt 1, Ex. C at ¶¶ 59-65. It is well established that an insurance adjuster is a "person" under the Texas Insurance Code. Tex. Ins. Code Ann. § 541.002(2) ("'Person' means an individual . . . engaged in the business of insurance, including an agent . . ."). Under Section 541.060(a)(2)(A), a person may not fail "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code Ann. § 541.060(a)(2)(A). Here the allegations of Paul's outcome-oriented investigation state a claim under this section.

Travelers relies heavily on *Johnson v. Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146 (S.D. Tex. July 29, 2016) (Miller, J.). Dkt. 11. In *Johnson*, the court found no claim under Section 541.060(a)(2)(A). *Johnson*, 2016 WL 4061146, at * 3. The *Johnson* plaintiff alleged that

> Travelers assigned Nice to adjust this claim. Nice was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Nice did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Nice refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

*Johnson*, 2016 WL 4061146, at *2. Remand was denied because there were no specific facts alleged regarding why the investigation was outcome oriented. *Id*.

As mentioned above, the Smiths here allege more facts, with a greater degree of specificity, than alleged in *Johnson*. Specific facts alleged include Paul failing to personally inspect the roof and interior of the house and advising the Smiths that the claim would be denied before the inspection of the roof was completed.

Based on the facts alleged by the Smiths, the claims against Paul are facially plausible and survive a Rule 12(b)(6)-type of analysis. Furthermore, Travelers has failed to meet their heavy burden to establish that Paul has been improperly joined. Because Travelers did not establish improper joinder of Paul, there is no complete diversity of the parties. Accordingly, the court lacks jurisdiction over this controversy.

## IV. CONCLUSION

The Smiths' motion for remand is GRANTED and this case is REMANDED to the 189th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on November 16, 2017.

_____
Gray H. Miller
United States District Judge